Electronically Filed
Intermediate Court of Appeals
30697
24-OCT-2013
09:08 AM

NO. 30697

IN THE INTERMEDIATE COURT OF APPEALS

OF THE STATE OF HAWAIʻI


TITLE GUARANTY ESCROW SERVICES, INC.,
a Hawaiʻi corporation, Plaintiff-Appellee, v.
MICHAEL J. SZYMANSKI, Defendant/Cross-Claimant/Third-Party
Plaintiff/Cross-Claim Defendant/Third-Party Counterclaim
Defendant-Appellant, WAILEA RESORT COMPANY, LTD., a Hawaiʻi
corporation, Defendant/Cross-Claim Defendant/Cross-Claimant-
Appellee, ADOA-SHINWA DEVELOPMENT CORPORATION, a Hawaiʻi
corporation, and SHINWA GOLF HAWAII CO., LTD., a Hawaiʻi
corporation, Third-Party Defendants/Counterclaimants-Appellees,
JOHN DOES 1-50, JANE DOES 1-50, DOE PARTNERSHIPS 1-50, DOE
ENTITIES 1-50, DOE GOVERNMENTAL UNITS 1-50, Defendants-Appellees
and DOE CORPORATIONS 1-10, DOE PARTNERSHIPS 11-20,
DOE UNINCORPORATED BUSINESS ENTITIES 21-30 and JOHN DOE
INDIVIDUALS 31-40, Third-Party Defendants


APPEAL FROM THE CIRCUIT COURT OF THE SECOND CIRCUIT
(CIVIL NO. 02-1-0352(2))


SUMMARY DISPOSITION ORDER
(By: Nakamura, Chief Judge, Leonard and Ginoza, JJ.)

Defendant/Cross-Claimant/Cross-Claim Defendant/Third-
Party Plaintiff/Third-Party Counterclaim Defendant-Appellant
Michael J. Szymanski (**Szymanski**) appeals from the Final Judgment
as to All Claims and Parties (**Final Judgment**) entered by the
Circuit Court of the Second Circuit (**Circuit Court**) on July 28,
2010.[1]

Szymanski raises three points of error on appeal,
contending that the Circuit Court erred when it: (1) failed to
grant the request by Szymanski's counsel-of-record, Karen Holma

---

[1] The Honorable Shackley F. Raffetto presided.

(**Holma**), to continue the June 30, 2010 hearing for Szymanski to obtain new counsel; (2) granted Defendant/Cross-Claim Defendant/Cross-Claimant-Appellee Wailea Resort Company, Ltd.'s (**Wailea's**) motion for order directing the clerk of court to disburse funds; and (3) granted the motion of the law firm of Bays, Deaver, Lung, Rose and Holma (**Bays Deaver**) to affirm its withdrawal of counsel for Szymanski.

Upon careful review of the record and the briefs submitted by the parties and having given due consideration to the arguments advanced and the issues raised by the parties, we resolve Szymanski's points of error as follows:

(1) We will first address Szymanski's *third point of error*. We generally review a trial court's ruling on a motion for withdrawal of counsel for an abuse of discretion. See, e.g., State v. Kossman, 101 Hawai'i 112, 119, 63 P.3d 420, 427 (App. 2003). Thus, we will review Bays Deaver's motion, which was denominated as a motion to affirm withdrawal of counsel, using the abuse of discretion standard. An abuse of discretion occurs if the trial court has "clearly exceeded the bounds of reason or disregarded rules or principles of law or practice to the substantial detriment of a party litigant." Amfac, Inc. v. Waikiki Beachcomber Inv. Co., 74 Haw. 85, 114, 839 P.2d 10, 26 (1992).

Bays Deaver filed a "motion to affirm withdrawal of counsel" on June 30, 2010, less than one hour before the hearing on the substantive motion that is the subject of this appeal, seeking to be relieved of its duties as counsel-of-record for Szymanski effective July 7, 2009, nearly one year prior to the date of the motion. At the time that Bays Deaver filed its "motion to affirm withdrawal," the law firm cited no rule or other legal authority for their request for relief other than Hawai'i Rules of Civil Procedure (**HRCP**) Rule 7. It appears that the failure to cite the applicable rules might have been related to the fact that Bays Deaver did not follow the applicable rules either when it filed its June 30, 2010 motion to affirm withdrawal or, one year earlier, when on July 8, 2009 it

2

apparently obtained a Circuit Court file-stamp on a Withdrawal and Substitution of [Appellate] Counsel that had been filed with the Clerk of the Appellate Courts on July 7, 2009.

At that time,[2] the Rules of the Circuit Courts of the State of Hawai'i (**CCR**) Rule 10.1 provided:

> Except as provided in Rule 10(c) of these rules, withdrawal of counsel in cases pending before the circuit courts shall be effective only upon the approval of the court and shall be subject to the guidelines of Rule 1.16 of the Hawai'i Rules of Professional Conduct and other applicable law.

CCR Rule 10(c) provides:

> The clerk may grant, sign, and enter the following orders without further direction by the court, but any orders so entered may be set aside or modified by the court:
> . . . .
> (c) *Substitution of attorneys.* Orders on consent for the substitution of attorneys.

We need not decide whether the Circuit Court clerk's mere acceptance of a document for filing might constitute the granting, signing, and entry of an order by the clerk pursuant to CCR Rule 10(c) because, in this case, the document in question did not evidence Szymanski's consent (or substitute appellate counsel's consent) to Bays Deaver's withdrawal and the substitution of counsel in the Circuit Court proceedings. Rather, in a single sentence, the withdrawal and substitution of counsel *twice* states that the change of counsel consented to by the client was for the purposes of Szymanski's appeal in No. 27254, stating:

> COMES NOW, Peter Van Name Esser, attorney at law, and hereby **substitutes as counsel of record in the above-entitled appeal** on behalf of [Szymanski], in place of [Bays Deaver], who are hereby **withdrawing as counsel from this appeal**.

(Emphasis added.)

The limited language of this withdrawal and substitution of appellate counsel stands in sharp contrast to the prior, August 21, 2007, withdrawal and substitution and order, whereby Bays Deaver entered the case, which stated:

---

[2] This rule has since been repealed and modified by HRCP Rule 25.1, which became effective on January 1, 2012.

> NOTICE IS HEREBY GIVEN that Paul, Johnson, Park &
> Niles hereby withdraws as counsel of record for [Szymanski]
> pursuant to Rule 10(c) and 10.1 of the Rules of the Circuit
> Courts of the State of Hawaiʻi and [Bays Deaver] hereby
> substitutes and enters its appearance as counsel for
> [Szymanski] **as to the entirety of this action**.

(Emphasis added.)

Thus, Szymanski did not manifest his consent to Bays Deaver's withdrawal in the Circuit Court proceedings, which were not terminated by the appeal in No. 27254, which stemmed from an HRCP Rule 54(b) judgment, and not an HRCP Rule 58 final judgment. It is notable that, at no time relevant to Bays Deaver's "motion to affirm withdrawal," did any Bays Deaver attorney attest or otherwise represent to the court that appellate counsel, Peter Esser, had agreed to represent Szymanski in the Circuit Court proceedings. Accordingly, CCR Rule 10(c) is inapplicable.

Nor did the 2009 submission comply with CCR 10.1, which requires *court approval* and is subject to the Hawaiʻi Rules of Professional Conduct (**RPC**) Rule 1.16, which provides in relevant part:

> **Rule 1.16 Declining or Terminating Representation**
>
> . . .
>
> (b) Except as stated in paragraph (c), a lawyer may withdraw from representing a client if withdrawal can be accomplished without material adverse effect on the interests of the client, or if:
>
> > (1) the client persists in a course of action involving the lawyer's services that the lawyer reasonably believes is criminal or fraudulent;
> >
> > (2) the lawyer reasonably believes that the client has used the lawyer's services to perpetrate a crime or fraud;
> >
> > (3) a client insists upon pursuing an objective that the lawyer considers repugnant or imprudent;
> >
> > (4) the client fails substantially to fulfill an obligation to the lawyer regarding the lawyer's services and has been given reasonable warning that the lawyer will withdraw unless the obligation is fulfilled;
> >
> > (5) the representation will result in an unreasonable financial burden on the lawyer or has been rendered unreasonably difficult by the client; or
> >
> > (6) other good cause for withdrawal exists.

4

(c) When ordered to do so by a tribunal, a lawyer shall continue representation notwithstanding good cause for terminating the representation.

(d) Upon termination of representation, a lawyer shall take steps to the extent reasonably practicable to protect a client's interests, such as giving reasonable notice to the client, allowing time for employment of other counsel, surrendering papers and property to which the client is entitled and refunding any advance payment of fee that has not been earned. The lawyer may retain papers relating to the client to the extent permitted by other law.

Although Bays Deaver's claim of "irreconcilable differences" with Szymanski appears to fall within RPC Rule 1.16 (b)(5) or (b)(6), we need not address that issue because Bays Deaver clearly did not obtain a court order allowing it to withdraw from the Circuit Court proceedings in 2009. Indeed, there is no certificate of service or other evidence in the record, and Bays Deaver did not argue or represent, that Bays Deaver served or otherwise provided Szymanski (or appellate counsel) with the document bearing the Circuit Court's July 8, 2009 file-stamp.

Similarly, Bays Deaver's 2010 motion to affirm withdrawal of counsel seeks relief that is not sanctioned by CCR Rule 10.1. The rule specifically states that "withdrawal shall be effective only upon the approval of the court" and does not provide for *nunc pro tunc* relief from an attorney's professional duties and obligations as counsel-of-record in a case. The flawed submission of the 2009 withdrawal and substitution of appellate counsel provided insufficient grounds for the requested retrospective relief.

In addition, the record is replete with evidence that Szymanski's lack of effective representation at the June 30, 2010 hearing was to his substantial detriment. Opposing counsel declined to agree to a continuance of the hearing date to allow substitute counsel to appear. The Circuit Court denied Bays Deaver's late-filed motion to continue the hearing, even though substitute counsel had agreed to represent Szymanski if a continuance were allowed. At the hearing, Holma informed the court that Bays Deaver had not received the amended notice of

5

hearing. The Circuit Court ruled on Wailea's motion, granting all requested relief against Szymanski, without any substantive argument being made on Szymanski's behalf, either in writing or at the hearing.

For these reasons, we conclude that the Circuit Court abused its discretion when it granted Bays Deaver's motion to affirm withdrawal of counsel effective as of July 7, 2009. Notwithstanding this conclusion, the Circuit Court did not abuse its discretion in allowing Bays Deaver's withdrawal effective as of the date of the Circuit Court's order, August 25, 2010.

(2)  For similar reasons, we conclude that, under the circumstances of this case, the Circuit Court erred when it denied Holma's oral motion for a continuance. "A court has the discretion to grant or refuse a continuance of a proceeding in the orderly administration of justice. This discretion is a judicial one and is subject to review for abuse." Sapp v. Wong, 62 Haw. 34, 41, 609 P.2d 137, 142 (1980) (citation omitted). In Sapp, in finding that the trial court abused its discretion for failing to grant a motion to continue, the Supreme Court considered the following factors:  (1) the circumstances did not suggest that the appellant, movants for the continuance, merely sought general delay; (2) instead, the continuance was sought for the limited purpose of locating appellees to serve them with subpoenas and compel their attendance in court; (3) all parties had considered the appellees' testimonies indispensable to the case; (4) granting the continuance would not have been prejudicial to, or have inconvenienced, the appellees; and (5) the failure to grant the continuance was prejudicial to the appellants, as they did not have a reasonable opportunity to try their case upon its merits. Id. (citations omitted).

Here, counsel-of-record was not served by Wailea with the amended notice of hearing and, when contacted by Szymanski shortly before an opposition was due, took the position that they were not counsel-of-record. The Circuit Court did not find, and based upon the record it does not appear, that Holma's request for a continuance on behalf of Szymanski was for the purpose of

delay. It appears that Szymanski made several attempts to obtain replacement counsel prior to the June 30, 2010 hearing, but was unable to do so in time to respond to the substance of Wailea's motion. Szymanski's informal request (not by proper motion) to appear telephonically, on his own behalf, was denied. Substitute counsel had agreed to represent Szymanski if a continuance were granted. Although Wailea declined to stipulate to a continuance, it did not represent that it would be prejudiced by a further brief delay in the matter.[3] In addition, combined with the lack of effective representation and apparent misapprehensions on the part of all counsel and the court concerning counsel-of-record, the Circuit Court's denial of a continuance worked to Szymanski's substantial detriment, leading directly to the entry of judgment against him, without any substantive argument on his behalf. Under these circumstances, we conclude that the Circuit Court abused its discretion in denying Holma's request to continue the June 30, 2010 hearing.

(3) In light of the above, we do not reach the merits of Szymanski's challenge to the disbursal of the escrowed funds to Wailea. The Circuit Court's July 19, 2010 order will be vacated in part, with respect to the disbursal of funds to Wailea, and affirmed in all other respects. Upon remand, Wailea shall serve a second amended notice of hearing on Szymanski, by service to Keith M. Kiuchi, Esq., who has entered his appearance in this matter on behalf of Szymanski. Thus, Szymanski shall have an opportunity to timely file an opposition, in accordance with the second amended notice of hearing and the applicable rules, and an opportunity to be heard prior to the Circuit Court's further ruling on the substance of Wailea's motion.

For these reasons, and to the extent discussed above, the Circuit Court's July 28, 2010 Final Judgment as to All Claims

---

[3] The resolution of this proceeding had been previously delayed by a bankruptcy proceeding filed by Szymanski, but there is no evidence or argument that the bankruptcy matter was intended to inject delay into the final resolution of this case, which involved the disbursement of funds interpleaded by Title Guaranty Escrow Services.

and Parties is vacated, and this case is remanded for further proceedings consistent with this Summary Disposition Order.

DATED: Honolulu, Hawai'i, October 24, 2013.

On the briefs:

Keith M. Kiuchi
for Defendant/Cross-Claimant/
Cross-Claim Defendant/
Third-Party Plaintiff/
Third-Party Counterclaim
Defendant-Appellant

Bruce H. Wakuzawa
for Defendant/Cross-Claim
Defendant/Cross-Claimant-
Appellee Wailea Resort
Company, Ltd. and Third-Party
Defendants/Third-Party
Counterclaimants-Appellees
Adoa-Shinwa Development
Corporation and Shinwa Golf
Hawai'i Co., Ltd.

Chief Judge

Associate Judge

Associate Judge